NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  ADTRAN, INC.,**
*Petitioner*

---

2021-115

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00669-ADA, Judge Alan D. Albright.

---

## ON PETITION AND MOTION

---

Before REYNA, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

ADTRAN, Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to stay all deadlines unrelated to venue until the district court rules on its pending motion to dismiss or transfer.  ADTRAN also moves for leave to file a supplemental appendix.  Correct Transmission, LLC opposes both the motion to supplement and the petition.

## I.

On July 23, 2020, Correct Transmission filed this patent infringement suit in the Western District of Texas against ADTRAN, a Delaware corporation with its principal place of business in Huntsville, Alabama. Correct Transmission alleged that ADTRAN maintained a regular and established place of business in the Western District of Texas. On September 14, 2020, ADTRAN moved to dismiss the case for improper venue or alternatively to transfer the case to the United States District Court for the Northern District of Alabama.

In October 2020, the district court granted Correct Transmission's requests for venue-related discovery concerning ADTRAN's connections to the district and to stay the deadline for Correct Transmission to respond to ADTRAN's venue motion. The court also issued a scheduling order that closed venue-related discovery on March 12, 2021; set a briefing schedule for the motion to be completed by April 9, 2021; permitted claim-construction related discovery; and set a Markman hearing for May 28, 2021.

On December 7, 2020, ADTRAN filed a motion asking the district court to stay all case deadlines unrelated to the briefing and disposition of the venue motion. Correct Transmission filed its response to that motion on December 21, 2020, and ADTRAN filed its reply on December 28, 2020. On February 4, 2021, the district court indicated that it would address ADTRAN's stay motion "in due time" but "will not be staying the deadlines at this time," APPX0318, and indicated that it would hold a hearing after briefing on the venue motion was completed. ADTRAN filed the instant petition on February 11, 2021.

## II.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Under the well-

established standard for obtaining such relief, the petitioner must: (1) show that it has a clear and indisputable legal right; (2) show it does not have any other method of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). We cannot say ADTRAN has met that standard.

ADTRAN has identified no authority establishing a clear legal right to a stay of all non-venue-related deadlines under circumstances where the venue-related motion is still in briefing and the Markman hearing is months away. Nor are we presently persuaded that ADTRAN is unable to obtain a decision on its venue motion before a Markman hearing without our help. As of February 11, 2021, when ADTRAN filed its mandamus petition, the Markman hearing was scheduled several weeks after the venue briefing was to be completed, which plausibly allows time for the court to resolve the venue issues before the Markman hearing, or grant the stay motion and postpone the hearing.[*]

For these reasons, we deny ADTRAN's request for mandamus relief. We note, however, that the district court's failure to promptly act on the stay motion or its delay in ruling on the venue issues once fully briefed might

---

[*] This court notes that after the petition was filed, the district court granted a joint motion to amend the scheduling order regarding certain claim construction issues in view of the winter weather conditions causing loss of power, and on February 23, 2021, instructed the parties to submit a new scheduling order, including dates for the remainder of the briefing for ADTRAN's venue motion, presumably in light of those intervening events. As far as we have been made aware, any change in the schedule would not increase the risk of the district court forcing the parties to expend significant resources resolving the merits issues before the district court decides the venue motion.

tip the balance in favor of mandamus relief upon reapplication in the future. We fully expect, however, that the district court will give the stay motion and venue issues top priority. We remind the district court that any familiarity that it has gained with the underlying litigation due to the progress of the case since the filing of the complaint is irrelevant when considering the venue motion and should not color its decision. *See In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *2 (Fed. Cir. Jul. 16, 2015).

Accordingly,

IT IS ORDERED THAT:

(1) The motion for leave to file a supplemental appendix is granted. The supplemental appendix, ECF No. 8-2, is accepted for filing.

(2) The petition for a writ of mandamus is denied.

FOR THE COURT

| March 19, 2021 | /s/ Peter R. Marksteiner |
| Date | Peter R. Marksteiner |
| | Clerk of Court |

s32